## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                    CASE NUMBER: 1:21CR00330-005 (JSR)

       Plaintiff,

vs.

JUAN MATOS RUIZ,

       Defendant.

_____/

### DEFENDANT JUAN MATOS RUIZ'S SENTENCING MEMORANDUM

Defendant JUAN MATOS RUIZ (hereinafter "Mr. Ruiz"), by and through his undersigned

counsel, files this Sentencing Memorandum in support of his request for a non-Guidelines sentence

or a downward variance pursuant to Title 18, United States Code, Section 3553.

### STATEMENT OF RELEVANT FACTS

On or about May 13, 2021, Mr. Ruiz pled guilty to a single count Information charging him

with conspiracy to commit money laundering in violation of 18 U.S.C. Section 1956(h). The

Sentencing is this cause is scheduled for September 13, 2021.

The Pre Sentence Investigation Report (hereinafter "PSR") prepared in this case calculates

Mr. Ruiz's total offense level at 21.  That offense level, when coupled with Mr. Ruiz's criminal

history category of I, results in an advisory Guidelines imprisonment range of 37-46 months.

### ARGUMENT

As this Court is aware, Judges are authorized to impose a sentence outside the properly

calculated sentencing Guidelines range through either a departure or a variance. *United States*

*Sentencing Commission, Departure and Variance Primer* (June 2013). In this case, Mr. Ruiz is

seeking a downward variance based on application of the statutory factors set forth in 18 U.S.C. §

3553. Section 3553(a) requires a district court to impose a sentence "sufficient, but not greater than

necessary," to comply with the purposes of sentencing. *18 U.S.C.§3553(a)(2)*. In determining what

sentence is sufficient, but not greater than necessary, the court should consider Mr. Ruiz's history

and characteristics (█████████████████████████ as well as family

circumstances) and the need to avoid unwarranted sentencing disparity, as grounds for a downward

variance from the Sentencing Guidelines. *See 18 U.S.C. §3553(a)*.





3



4

respectfully requested that these factors be taken into consideration by the Court when fashioning a sentence that comports with the "sufficient but not greater than necessary" requirement of 18 U.S.C. § 3553(a).

### B.  Mr. Ruiz's Elderly and Infirm Parents  is a Second Aspect of his History and Characteristics Which Warrants a Downward Variance  under 18 U.S.C. §3553(a).

District courts justify consideration of family circumstances, an aspect of the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1), for reasons extending beyond the Guidelines. *See United States v. Menyweather*[2], 447 F.3d 625 (9th Cir. 2006).  District courts now have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed not ordinarily relevant, including family ties, responsibilities, or other special circumstances. *Id.; see also United States v. Sims,* 807 Fed. Appx. 436 (6th Cir. 2020) *citing United States v. Lapsins,* 570 F.3d 758, 774 (6th Cir. 2009) (family circumstances are an appropriate consideration by a district court as part of "the history and characteristics of the Defendant."); *United States v. Warren*, 2021 WL 1341049 (W.D. North Carolina 2021).

In the case at bar, Mr. Ruiz is a fifty-four year old family man with no prior criminal history. As emphasized in the attached letters submitted by Mr. Ruiz's family and friends on his behalf, Mr. Ruiz is a loving and devoted husband and father.  *See Exhibit 1.*  He has been married to his wife, Maria Pages Acosta (hereinafter "Maria"), for 29 years and the couple have two adult children, Marcos Matos and Juan Matos.  Maria is a breast cancer survivor and, in her letter to the Court, describes how instrumental her husband's love and support was during such a difficult time.  In

---

[2] This case was abrogated on other grounds by *United States v. Burgum*, 633 F.3d 810 (9th Cir. 2010).

addition to depending on Mr. Ruiz for his emotional support, Maria who is a preschool teacher is also financially dependent on her husband. While this pending matter has understandably caused a strain in the couple's marriage, Maria implores this Honorable Court to give her family a second chance at reunification and impose a sentence that is well below the advisory Guidelines.

In addition to his obligations to his wife and children, Mr. Ruiz's parents, Myreya Ruiz de Matos (age 78) and Marcos Matos Villalobos (age 89), are also dependent on Mr. Ruiz for their daily care. His father, Marcos, in particular, has been diagnosed with Multiple Myeloma and is terminally ill. In addition to this diagnosis and having previously suffered from prostate cancer, Marcos also suffers from heart disease. He recently underwent surgery which required the implantation of a pacemaker. Due to his father's deteriorating health condition and his mother's advanced age, Mr. Ruiz has become their primary caretaker. While Mr. Ruiz has three siblings, one passed away last year due to complications from Covid-19, and the other two reside outside of the United States. Since Mr. Ruiz is the only family member that can assume this role, he plans to temporarily move in with his parents in order to assist them with their daily needs.

Considering the foregoing family obligations and circumstances, sentencing Mr. Ruiz to the term dictated by the Guidelines would have dramatic consequences for their family that far outweigh the need for a lengthy incarceration. *See United States v. Platt, 2020 WL 7123183 (E.D.N.Y. 2020)* (Downward variance granted from guidelines range of 24 to 30 months to time served in consideration of various factors including the defendant's status as primary caretaker of his half brother who suffered from schizophrenia and unspecified prostate issues.); *see also United States v. Marine*, 94 Fed. Appx. 307 (6th Cir. 2004) (holding that a 10 level downward departure sentence was justified by defendant's status as an irreplaceable caretaker of four family members.); *United*

*States v. Leon*, 341 F.3d 928, 931-33 (9th Cir.2003) (observing that "[p]ermissible downward departures generally involve situations where the defendant is an irreplaceable caretaker of children, elderly, and/or seriously ill family members, and the extent of the departure appropriately serves to protect those family members from the impacts of the defendant's prolonged incarceration."); *United States v. Norton*, 218 F. Supp. 2d 1014 (E.D.Wisc. 2002) (departure from 15-21 months to probation and home confinement granted to defendant convicted of credit card fraud observing that the Guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom.")  For these reasons, Mr. Ruiz respectfully asks the Court to consider his family's welfare, particularly his indispensable role in his elderly and infirm parents' lives, and impose a sentence that is well below the advisory Guidelines range.

**C.**     ***The Need to Avoid Unwarranted Sentencing Disparity Warrants a Downward Variance.***

The Court is required to avoid unwarranted disparities in imposing a sentence. *18 U.S.C. § 3553(a)(6)*.  In this case, Mr. Ruiz should receive a sentence well below the Guidelines in order to avoid an unfair disparity with the sentence received by his co-conspirators, Jose Morely Chocron, and Alfredo Lichoa.

Mr. Chocron and Isaac Schachtel (an unindicted co-conspirator who remains a fugitive) were partners in the instant money laundering scheme which involved the transfer and receipt of U.S. currency and electronic funds in and through New York City and Miami.  The conspiracy was already well underway by the time FBI agents began investigating Mr. Chocron and Mr. Schachtel in May, 2019.

Some time in October, 2019, when the conspiracy was well underway, Mr. Ruiz was recruited by Mr. Schachtel to assist them in laundering funds previously provided to Mr. Chocron

and Mr. Schachtel by depositing same into his business account for his consulting company, Matos Brothers LLC, in exchange for a two to three percent commission of the total deposit amount. While his initial participation in the offense was merely a favor for a long time friend during which he profited nothing and had no knowledge of the illegal activities, Mr. Ruiz takes full responsibility for his subsequent and continued participation in the offense for an approximate four month period.

While Mr. Schachtel remains an unindicted co-conspirator due to his fugitive status, Jose Morely Chocron, who was undoubtedly one of the masterminds of the instant conspiracy and the individual who organized and managed the instant fraud, recently pled guilty to one count of conspiracy to commit money laundering, under Case Number 20 CR 400-01(JSR), and received a sentence of nine (9) months imprisonment, with no supervised release.

Alfredo Lichoa, who like Mr. Ruiz was recruited by Mr. Schachtel to participate in the laundering of purported bribery proceeds by administering illicit performance enhancing drugs to racehorses under his control in furtherance of conspiracy[3], also pled guilty to one count of conspiracy to commit money laundering, under Case Number 20-CR-400-03 (JSR), and was sentenced to three (3) months imprisonment, followed by one year of supervised release.

In light of the foregoing, sentencing Mr. Ruiz to the term dictated by the Guidelines would create an unwarranted sentencing disparity since other equally or more culpable defendants would be receiving a grossly dissimilar sentence. As compared to Jose Chocron and Isaac Schachtel, Mr. Ruiz was a minor participant in this conspiracy and received no such role reduction as part of his

---

[3]Lichoa's actions furthered the conspiracy because the illicit funds would be deposited in a racehorse trainer's account (i.e. a bank account through which the trainer makes and receives payments relating to the purchase and sale of racehorses), and laundered either through the rapid resale of a racehorse or through consistent winnings on the basis of a particular racehorses' success. Lichoa ensured the racehorse's success through the systemic administration of the illegal drugs affecting the horses' performance.

sentencing guidelines calculation.

Accordingly, Mr. Ruiz respectfully requests that this Court depart from the Sentencing Guidelines and impose a sentence that is consistent with the requirements of 18 U.S.C. § 3553(a)(6).

## CONCLUSION

Pursuant to the aforementioned case law and statutory factors set forth in 18 U.S.C. § 3553(a), it is respectfully submitted that Mr. Ruiz deserves a substantial downward variance from the Sentencing Guidelines.

WHEREFORE, the defendant JUAN MATOS RUIZ respectfully requests that a downward variance be granted pursuant to 18 U.S.C. 3553(a) based on his history and characteristics, ██████ █████████████████████████████████████████████████ and family circumstances, and the need to avoid unwarranted sentencing disparity.

Respectfully submitted,

LEHR LEVI & MENDEZ, P.A.
Attorneys for JUAN MATOS RUIZ
1401 Brickell Avenue, Suite 910
Miami, Florida 33131
Telephone: (305) 377-1777
Fax: (305) 377-0087

BY   /s/ Sherleen M. Mendez
     SHERLEEN M. MENDEZ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_____/s/ Sherleen M. Mendez_____
SHERLEEN M. MENDEZ

10

**EXHIBIT 1**

From: Maria Pages

10520 City Center Blvd,

Pembroke Pines FL, 33025

06/04/1995

To The Honorable Judge Jed S. Rakoff,

My name is Maria Pages, wife of Juan Matos Ruiz. Your Honor, I am addressing you in this opportunity to express my feelings as his wife and as his partner of 29 years. We've shared endless memories and experiences together, most important being raising our children with all the love and care we have in our bodies and instilling all the good values we have in them. My husband is an exceptional man that has always given everything for our family, has always worked extremely hard, and has always put us first. In our worse times, he's been willing to sacrifice and give everything up for us.

I have gone through some tough experiences in my life, the first being breast cancer in which I had to commit to very rigorous and harsh treatment. Not once did he leave my side and he supported me through it all. Honorable Judge Rakoff, I implore that you have mercy while making your judgement and give my beloved husband the second chance he deserves. Everyone makes mistakes, and he made this one without fully knowing what he was getting into. I know he deeply regrets what he's done and if he could take it all back I know he would. I've always believed that mistakes that one is actually repentful for are the ones that should be forgiven and your Honor if you may trust me, he truly repents what has happened. Give us a chance to rebuild and reunite as family.

Sincerely,

Maria Pages

From,
Marcos Matos
10520 City Center Blvd,
Pembroke Pines 33025
Florida

Date, 06/04/2021

To,
The Honorable Judge Jed S. Rakoff,

Writing this letter in honor of my father wouldn't be able to suffice everything he has done for me in my 23 years of life, my dad is not only a hard working, strong willing, and caring father but he has been my idol ever since I can remember. My dad has always put his front foot foward for anything when it comes to family, he has not only shown me honesty and love but showed me how to really care for others.

The healthy bond that we've grown to have came from all the teachings and ways of life he has inspired me by. My father has made a mistake but it is very inconsistent with what his true character is, like I stated before my father is someone honest, true to his word, and willing to sacrifice everything for a better future for our family. He has been handed hundreds of challenges and he has always been able to overcome them, hurdle by hurdle.

Knowing my dad is in his current situation brings me extreme pain as the thought of me not going one week without seeing him would impact me deeply. He has always not only been my father but my therapist and someone I know will always be there when I have to talk to him. My whole family has always been able to look for him in any time of need, he is the catalyst that has brought our family close and the catalyst to the foundation my family has established.

I sincerely ask for you, the honorable judge, as my fathers younger son, to please look into his character and person he is before passing any verdict. My dad will always learn from his mistakes and I know this would be something he extremely regrets as it is also his first time being trouble with the law.

Thank you very much,

Yours Sincerely,

Marcos Matos

From: Juan Matos Jr.
13025 Cordelia Lane,
Orlando FL, 32824
06/04/1995

To The Honorable Judge Jed S. Rakoff,

My name is Juan Matos Pages. I am Juan Matos Ruiz oldest son. I am 26 and currently a post grad student in medicine. First of all, I would like to say that my father is nothing but a phenomenal dad and person. He has got the most pure and beautiful heart and I know that he would give anything and everything for our family. My father's work ethic is like none other and he will always strive to better himself in any craft that he partakes in. He is smart, driven, and passionate. He's been a role model to me and my younger brother all our lives.

He made a mistake, going into something that was unknown to him, but I can promise you something, and that is that he has always learned from his mistakes and has always let his experiences mold him into a better person; I've seen it with my own eyes. My brother and I could not ask for better parents than the ones we have. They have been our best friends, our backbone, our strength and one of the main reasons we want nothing but to succeed in this life, and I pray they get to see us do so.

My father gives everything that he has to what he's passionate about and that for him at the moment like I mentioned briefly, is to become the best person he can be, let his mistakes turn into lessons, and rise again, better and stronger. If anyone deserves a second chance, it's him because I know he will not throw it away. I love my father with all I have in me and I'd be devastated to see this chance be taken away from him. I sometimes feel like I've failed him as his oldest son and keeper of our family, but I also try every single day of my life to be better for him, for my mom, and for my brother. Your Honor, I hope you find it in your heart to look into his character and the person that he is before passing any judgement.
Respectfully
Juan Matos Pages (Oldest Son)